UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
KINGSLEY COMMODORE-MENSAH,       )
                                )
        Plaintiff,              )
                                )
        v.                      )     Civil Action No. 11-750 (RWR)
                                )
DELTA AIR LINES, INC.,          )
                                )
        Defendant.              )
_____ )

MEMORANDUM ORDER

        Pro se plaintiff Kingsley Commodore-Mensah brings this suit
alleging that defendant Delta Air Lines, Inc. ("Delta"), lost or
delayed three packages the plaintiff shipped to Africa and
seeking $5,500 in damages.  Following an initial scheduling
conference, Commodore-Mensah filed a motion to amend his
complaint in order to add a breach of contract claim against
Delta.  The motion was denied without prejudice because
Commodore-Mensah had failed to attach a proposed amended
complaint to the motion.  Commodore-Mensah then re-filed his
motion to amend, attaching a proposed amended complaint.  At a
post-discovery status conference, the second motion was denied,
again without prejudice, for failure to properly plead breach of
contract, and the dispositive motions deadline was suspended to
provide Commodore-Mensah another opportunity to move to amend.
Commodore-Mensah has filed a third motion to amend the complaint

-2-

and a motion for summary judgment.[1]  Delta has moved to extend the discovery deadline.

"The decision to grant or deny leave to amend . . . is vested in the sound discretion of the trial court." Doe v. McMillan, 566 F.2d 713, 720 (D.C. Cir. 1977).  A court should "determine the propriety of amendment on a case by case basis, using a generous standard," Harris v. Sec'y, U.S. Dep't of Veterans Affairs, 126 F.3d 339, 344 (D.C. Cir. 1997), and pro se complaints are construed with "special liberality," Kaemmerling v. Lappin, 553 F.3d 669, 677 (D.C. Cir. 2008).  The "futility of the proposed amendment[]" is a "factor[] that may warrant denying leave to amend." Smith v. Café Asia, 598 F. Supp. 2d 45, 47 (D.D.C. 2009); see also Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999).  "An amendment is futile if the proposed claim would not survive a motion to dismiss." Café Asia, 598 F. Supp. 2d at 48 (internal quotations omitted).  To survive a motion to dismiss, a claim must be plausible on its face, that is, the pleaded factual content must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  To determine whether the complaint states

---

[1] Commodore-Mensah appears to have filed his motion for summary judgment under the misapprehension that the original dispositive motions deadline remained in place.  The dispositive motions deadline was, however, expressly suspended at the post-discovery status conference.

-3-

a viable claim, "any documents either attached to or incorporated in the complaint," as well as the complaint itself, may be considered. <u>EEOC v. St. Francis Xavier Parochial School</u>, 117 F.3d 621, 624 (D.C. Cir. 1997). Ultimately, it is the defendant's burden to show why leave to file should not be granted. <u>Café Asia</u>, 598 F. Supp. 2d at 48.

In his motion for leave to amend and its supporting materials, Commodore-Mensah has alleged sufficient factual content from which to draw a reasonable inference that Delta is liable for breach of contract. The elements of a breach of contract claim are "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by breach." <u>Tsintolas Realty Co. v. Mendez</u>, 984 A.2d 181, 187 (D.C. 2009). Commodore-Mensah's third motion to amend alleges that he "entered into a shipping agreement with Delta Airlines" that purported to entitle the parties to a 30-day notification period before the agreement could be terminated. (Pl.'s Mot. to Amend at 1.) Commodore-Mensah appended to his motion a copy of the contract that he executed, a communication that he alleges represents Delta's approval of the contract, and a communication that he alleges represents Delta's termination of the agreement without the required 30-day notice. (<u>Id.</u>, Attachments 1 to 3.) Those allegations adequately plead the existence of a contract, duty, and breach. Commodore-Mensah further adequately pleads damages

-4-

by alleging that he suffered from the premature termination
because he had prepaid money into the account established by the
agreement and those funds, which were budgeted for shipping costs
related to Commodore-Mensah's businesses in Ghana, became
unavailable when the account was closed.  Commodore-Mensah
contends that "[t]his chain of events seriously disrupted [his]
ability to run [his] businesses," and that he suffered economic
hardship and losses as a result.  (Id. at 1-2.)

    Commodore-Mensah did not repeat all of the above
allegations, however, in the amended *complaint* that he attached
to his motion to amend.  The amended complaint states only that
he is "seeking damages for Delta breaching the contract we had by
cancelling my account prematurely." (Am. Compl. at 1.)  Delta
opposes Commodore-Mensah's motion for leave to amend the
complaint on this ground, emphasizing that "[i]t is Plaintiff's
Motion to Amend, and *not the Amended Complaint*, that contains the
damages that Plaintiff allegedly suffered as result [sic] of
failing to provide a 30 day notification prior to cancellation."
(Def.'s Opp'n to Pl.'s Mot. to Amend at 2.)  However, in view of
the "special liberality," Kaemmerling, 553 F.3d at 677, with
which courts should construe pro se complaints, and the detailed
motion and supporting documentation that Commodore-Mensah has
provided and which may be considered to determine whether the
complaint states a viable claim, St. Francis Xavier Parochial
School, 117 F.3d at 624, strict adherence to formality is not

warranted.  The factual allegations set forth in the motion will be deemed incorporated into the complaint and Commodore-Mensah's motion to amend the complaint will be granted.

Since the amended complaint will be allowed, additional discovery will also be permitted.  Commodore-Mensah's motion for summary judgment, which addresses both the claim for lost and delayed shipments and the breach of contract claim, is therefore premature.  See Ikossi v. Dep't of Navy, 516 F.3d 1037, 1045 (D.C. Cir. 2008) (holding summary judgment was premature where defendant had been afforded inadequate discovery).  In addition, summary judgment is inappropriate because there are basic facts in dispute between the parties.  See Fed. R. Civ. P. 56 (summary judgment appropriate only "if the movant shows that there is no genuine dispute as to any material fact").  Delta disputes the declared value of the items that Commodore-Mensah alleges Delta lost or delayed, the scope of insurance coverage, and the weight of lost items, each of which presents a genuine issue of material fact bearing on Commodore-Mensah's right to recover.  (Def.'s Opp'n to Pl.'s Mot. Summ. J. at 7-10.)  Moreover, Commodore-Mensah's motion for summary judgment fails to comply with federal and local rules that it be "accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement."  Local Civil Rule 7(h); see also Fed. R. Civ. P. 56(c)(1).  For these reasons, the

-6-

motion for summary judgment will be denied.  Accordingly, it is hereby

ORDERED that Delta's motion [17] for extension of time to complete discovery be, and hereby is, GRANTED.  The discovery deadline is hereby CONTINUED to April 30, 2012, and the continued post-discovery status conference is set for May 4, 2012 at 9:15 a.m.  It is further

ORDERED that Commodore-Mensah's motion [20] to amend the complaint be, and hereby is, GRANTED.  The Clerk is directed to file as the Amended Complaint the attachment to the Plaintiff's Motion [20] to Amend.  It is further

ORDERED that Commodore-Mensah's motion [22] for summary judgment be, and hereby is, DENIED.

SIGNED this 1st day of February, 2012.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge